

Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

Nos. 04-11-00128-CR, 04-11-00129-CR, 04-11-00130-CR & 04-11-00131-CR

Michael **ARAGON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2009CR0782, 2009CR4070, 2010CR8602 & 2010CR9414W
Honorable Raymond Angelini, Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:  March 30, 2011

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in each of the underlying causes on January 3, 2011. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed February 2, 2011. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on February 17, 2011. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on February 14, 2011, which was post-marked on February 11, 2011; however, appellant did not file a motion for extension of time.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.* Because it appeared that the notice of appeal was untimely filed in each of these appeals, this court ordered appellant to show cause in writing by March 15, 2011, why these appeals should not be dismissed for lack of jurisdiction. *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). Appellant did not respond to this court's order. The appeals are dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH